**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IOW LLC; and When Enterprises Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Michael Breus and Lauren Breus, husband and wife,<br><br>Defendants. | No. CV-18-01649-PHX-DGC<br><br>**ORDER** |

This case was removed from Maricopa County Superior Court on May 31, 2018, by former defendants Hachette Book Group Incorporated and Little, Brown and Company (collectively, the "Hachette Defendants") with the consent of the remaining defendants Michael and Lauren Breus (collectively, the "Breus Defendants"). Doc. 1. On August 1, 2018, the Hachette Defendants were dismissed by stipulation. Doc. 28. Plaintiffs now move to remand this case back to state court. Doc. 34. The Breus Defendants oppose the motion. Doc. 36. Because Plaintiffs cite no authority for remand under these circumstances, the Court will deny the motion.

**I. Background.**

Plaintiff IOW originally filed suit against only the Breus Defendants in state court in December 2016. *See* Doc. 1-2; *IOW, LLC v. Breus*, No. CV2016-010236 (Maricopa Cty. Superior Ct. Dec. 21, 2016). In February 2018, based on facts uncovered during discovery, IOW sought leave to amend its complaint to add the Hachette Defendants and

Plaintiff When Enterprises Corporation. Doc. 1-3 at 279-85. The state court granted the motion, and the amended complaint was filed May 7, 2018. Doc. 1-4 at 72-86.

On May 31, 2018, the Hachette Defendants filed a notice of removal. Doc. 1. The notice states that removal is based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs' amended complaint asserts a claim under the Lanham Act, 15 U.S.C. § 1051 et seq. *Id.* at 3. The notice further asserts that the Court has jurisdiction over the state-law unfair competition claim pursuant to 28 U.S.C. §§ 1338(b), 1367(a). *Id.* The notice does not specifically address the additional state-law claims asserted solely against the Breus Defendants, *see* Doc. 1-4 at 80-82 (asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets, and unjust enrichment), but Plaintiffs do not dispute that the Court has supplemental jurisdiction over these claims.

**II.    Discussion.**

Plaintiffs argue that the Court should remand this case because the Breus Defendants "waived their right to remove this case, and thus can no longer avail themselves of the jurisdiction of this Court now that the removing [Hachette] Defendants have been dismissed." Doc. 34 at 2. Plaintiffs stress that the Breus Defendants could have removed the case based on diversity or federal question jurisdiction, but they allowed the 30-day deadline to pass without removing and instead chose to litigate in state court. Therefore, Plaintiffs argue, the Breus Defendants cannot benefit from the Hachette Defendants' removal now that the Hachette Defendants have been dismissed.

The Court does not agree. The Ninth Circuit has held that a party which waives its right to remove a case, and yet which ends up in federal court upon removal by a newly added defendant, may remain in federal court even after the removing defendant is dismissed. *See Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994) ("Although the RTC waived its right to seek removal, it did not waive its right to a federal forum."). The Fifth Circuit has reached the same conclusion. *See Buchner v. FDIC*, 981 F.2d 816, 819-21 (5th Cir. 1993).

Plaintiffs cite cases discussing the "first-served" rule, which held that once "the right to removal is waived, it is generally waived for all time (and for all defendants), regardless of subsequent changes in the case." Doc. 34 at 6 (quoting *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal. 2001)). As the Breus Defendants correctly point out, the Ninth Circuit rejected the first-served rule in 2011, and Congress amended the removal statute to reject it shortly thereafter. *See* Doc. 36 at 6-7 (citing 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal"); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent.")).

Plaintiffs have identified no defect in removal, and they admit that the Court has original subject matter jurisdiction over the case. The Court has no basis for remand.[1]

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 34) is denied.

Dated this 31st day of August, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] The Breus Defendants also argue that Plaintiffs waived the right to seek remand because they failed to do so within 30 days of removal. Doc. 36 at 4-5. The Court need not address this argument because it finds that remand is inappropriate.